UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 20-129 (NEB/HB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | **SUPERSEDING INDICTMENT** |
| Plaintiff, | 18 U.S.C. § 371 |
| | 18 U.S.C. § 844(c) |
| v. | 18 U.S.C. § 844(i) |
| | 18 U.S.C. § 853(p) |
| SAMUEL ELLIOTT FREY and | 18 U.S.C. § 982(a)(2)(B) |
| McKENZY ANN DeGIDIO DUNN, | 18 U.S.C. § 982(b)(1) |
| | 28 U.S.C. § 2461(c) |
| Defendants. | |

THE UNITED STATES GRAND JURY CHARGES THAT:

## COUNT 1
(Arson)

1.  On or about May 28, 2020, in the State and District of Minnesota, the defendant,

**SAMUEL ELLIOTT FREY,**

maliciously damaged and destroyed, and attempted to damage and destroy, by means of fire, a building used in interstate or foreign commerce and in activity affecting interstate or foreign commerce, namely, the Great Health and Nutrition retail store located at 1360 University Avenue West, in St. Paul, Minnesota, all in violation of Title 18, United States Code, Section 844(i).



## COUNT 2
(Conspiracy to Commit Arson)

2. On or about May 28, 2020, in the State and District of Minnesota, the defendants,

**SAMUEL ELLIOTT FREY, and
McKENZY ANN DeGIDIO DUNN,**

knowingly and intentionally conspired with each other and with Co-Conspirator 1, to damage and destroy, and attempt to damage and destroy, by means of fire, a building used in interstate or foreign commerce and in activity affecting interstate or foreign commerce, in violation of Title 18, United States Code, Section 844(i), all in violation of Title 18, United States Code, Section 371.

## PURPOSE OF THE CONSPIRACY

3. The purpose of the conspiracy was to commit an act of arson at the Great Health and Nutrition retail store located at 1360 University Avenue West, in the City of St. Paul, in the District of Minnesota.

## MANNER AND MEANS

4. It was part of the conspiracy that on May 28, 2020, defendants Samuel Frey and McKenzy Dunn together with Co-Conspirator 1 joined other individuals who had gathered near the 1300 block of University Avenue West, City of St. Paul, in the District of Minnesota and thereafter engaged in conduct designed to accelerate a fire in the Great Health and Nutrition store at 1360 University Avenue West, City of St. Paul, in the District of Minnesota.

United States v. Samuel Elliott Frey and McKenzy Ann DeGidio Dunn

## OVERT ACTS

5.      In furtherance of the conspiracy and to achieve its objects, the defendants committed, directly and through coconspirators, certain overt acts, including but not limited to the following:

6.      Frey, Dunn, and Co-Conspirator 1 arrived together in the same car to the Midway area near University Avenue in St. Paul, Minnesota, at which time and location other parties were already engaged in, among other things, efforts to trespass, loot, and burn nearby businesses and buildings.

7.      Frey, Dunn, and Co-Conspirator 1 together walked through multiple business locations in St. Paul's Midway area before they arrived together inside the Great Health and Nutrition retail store located at 1360 University Avenue West.

8.      While initially inside the Great Health and Nutrition store, Frey, Dunn, and Co-Conspirator 1, among things, at various times, walked through and observed the interior of the premises.

9.      Co-Conspirator 1, while holding a beverage can, asked Frey, Dunn, and others whether Red Bull is flammable.

10.     While Frey, Dunn, and Co-Conspirator 1 stood near each other within the Great Health and Nutrition store, one of the conspirators said, "We're lighting this bitch up."

11.     Frey took a bottle of hand sanitizer, removed the cap, and poured the contents onto a downed shelving unit located on the floor.

12.     A conspirator stated again that "We're lighting this bitch up, bro."

13. Co-Conspirator 1 and Frey knocked shelving units to the floor as Co-Conspirator 1 said, "We don't got to worry. It'll all be burned."

14. Standing near Dunn and Co-Conspirator 1, Frey held a lighter in his hand and lit paper on fire.

15. Frey placed the flaming paper upon the area within the store where he had poured the contents of a hand sanitizer bottle.

16. As Frey lit the paper on fire standing next to Dunn, one of the conspirators warned others that Frey was "lighting" and "dropping fire."

17. While standing near Frey and Dunn, Co-Conspirator 1 held a can of Red Bull and dispersed the contents onto the floor.

18. Standing near Dunn and Co-Conspirator 1, Frey held a lighter in his hand and lit a magazine on fire as Co-Conspirator 1 said, "don't light this bitch up yet."

19. While holding a magazine in his hand, Frey turned toward a shelving unit that remained standing upright against a wall and said, "you have like five minutes . . . until I can figure out how to get this bitch burned."

20. Dunn took an additional bottle of hand sanitizer from a countertop in her hand and stood next to Frey.

21. Working together, Dunn and Frey each applied additional hand sanitizer in an effort to accelerate a fire.

22. As Dunn and Frey stood next to each other, a conspirator warned that "He lit the fire."

United States v. Samuel Elliott Frey and McKenzy Ann DeGidio Dunn

23. After Frey and Dunn together stepped away from the shelving unit and looked toward the store's entryway, they returned back to the shelving unit for the purpose of accelerating a fire.

24. Frey and Dunn exited the Great Health and Nutrition store together where they, among other things, discussed lighting fire.

All in violation of Title 18, United States Code, Section 371.

## FORFEITURE ALLEGATIONS

25. If convicted of Count 1 of this Indictment, the defendant, **SAMUEL ELLIOTT FREY,** shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(B), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violation, and pursuant to Title 18, United States Code, Section 844(c) and Title 28, United States Code, Section 2461(c), any explosive materials involved or used or intended to be used in the violation.

26. If any of the above-described forfeitable property is unavailable for forfeiture, the United States intends to seek the forfeiture of substitute property as provided for in Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

UNITED STATES ATTORNEY                    FOREPERSON