UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

TRIAL NOTICE AND
FINAL PRETRIAL ORDER

**USA v. Samuel Elliott Frey and McKenzy Ann DeGidio Dunn (20-cr-129)** has been scheduled for trial before Judge Nancy E. Brasel beginning on **Monday, October 26, at 9:00 am in Courtroom 7D at the United States Courthouse, 316 North Robert Street, St. Paul, Minnesota**.
.

PRETRIAL CONFERENCE

A pretrial conference will be conducted by Judge Brasel **in Courtroom 3A at the United States Courthouse, 316 North Robert Street, St. Paul, Minnesota, on Thursday, October 22, 2020 at 10:00 a.m.**  All attorneys who will try the case must attend.

INSTRUCTIONS FOR ALL CASES

1.  **Submitting Documents.**  All documents must be filed electronically.  Two courtesy copies of every document must be delivered to the chambers of Judge Brasel.  Judge Brasel prefers those courtesy copies to be three-hole punched and unstapled (and, if warranted, appropriately tabbed).  Trial briefs (in MS Word), witness lists, exhibit lists, proposed voir dire (in MS Word), proposed jury instructions (in MS Word), proposed verdict forms (in MS Word), and proposed orders on motions in limine (in MS Word), shall also be e-mailed to chambers e-mail address at: Brasel_chambers@mnd.uscourts.gov.

2.  **Trial Briefs.**

a.  Trial briefs shall be submitted by **Monday, October 19, 2020**.

b.  The Government shall send Chambers an electronic copy of their trial brief to the Chambers e-mail address.  Defense counsel may respond with

1

objections or suggested changes. Please make sure to send the document in MS Word and copy the Defense counsel on the e-mail.

3. **Exhibits.**

   a. By **Monday, October 12, 2020**, the parties must exchange lists of the exhibits that they intend to offer at trial and make those exhibits available to the other parties for examination and copying.

   b. By **Monday, October 19, 2020**, each party must file its exhibit list and provide two courtesy copies to the Court.

   c. Plaintiff must mark its first exhibit as "P-1" and number the others sequentially.  Defendant must mark its first exhibit as "D-1" and do likewise.  The case number must appear on each exhibit.

   d. Only exhibits that are identified on the exhibit list may be offered at trial, unless the omission is excused for good cause.

   e. Parties shall provide the Court with 2 binders of exhibits on the first day of trial. One binder for the Judge and another for the witness stand.

   f. Prior to deliberating, the parties shall provide the Court with final exhibit lists with all the admitted exhibits only, that may be filed and go back to the jury deliberation room to assist in reviewing the exhibits.

   g. Within 7 days after the trial, the parties must submit to the Court a disk or thumb drive containing copies of all exhibits that were admitted at trial.

4. **Witness Lists.**

   a. By **Monday, October 12, 2020**, the parties must exchange lists of the witnesses whom the parties intend to call at trial, as well as a brief description of the substance of the expected testimony of each witness. No person who is not identified on a party's witness list may testify at trial, unless the omission is excused for good cause.

    b.      By **Monday**, **October 19, 2020**, each party must file its witness list (restricted) and provide two courtesy copies to the Court.

5. **Motions in Limine.**

All motions in limine must be filed by **Monday**, **October 19, 2020**, and responses to all such motions must be filed by **Tuesday, October 20, 2020**. The parties must respond to all motions in limine.

6. **Proposed Voir Dire.**

During voir dire, Judge Brasel will do the initial questioning of prospective jurors and later may allow the attorneys to question the prospective jurors. By **Monday**, **October 19, 2020**, a party must file any questions they want to ask.

7. **Proposed Jury Instructions.**

    a.      No later than **Monday**, **October 12, 2020**, the parties must exchange proposed jury instructions. The parties must then meet and confer and make every effort to resolve disagreements over those proposed instructions.

    b.      Parties shall submit a set of jointly proposed jury instructions by **Monday**, **October 19, 2020**. A Word version of the proposed instructions must be emailed to Judge Brasel's chambers.

          i.      Each proposed instruction must be numbered, appear on a separate page, and identify supporting legal authority.

          ii.     Any citation to a set of model jury instructions or a jury-instruction treatise must be to the current version of the cited source unless a party has good cause to cite an older version and explains why it is citing the older version.

8. **Proposed Special Verdict Form.**  No later than **Monday**, **October 12, 2020**, the parties must exchange proposed special verdict forms.  The parties must then meet and confer and make every effort to resolve disagreements over the proposed special verdict form.  If the parties reach agreement, the proposed form must be filed by **Monday**, **October 19, 2020**.  If they do not reach agreement, the parties must file their own proposed forms by **Monday**, **October 19, 2020.**  A Word version of the proposed special verdict form must be emailed to Judge Brasel's chambers.

9. **Daily transcripts.**  If any party intends to order daily transcripts of the trial, that party should contact Judge Brasel's court reporter, Erin Drost (651-848-1227), as soon as possible, so that she can make arrangements for other court reporters to assist her during the trial.  Ms. Drost's email address is erin_drost@mnd.uscourts.gov.

10. **COVID-19 Protocol.**

a. Attorneys, parties, agents and witnesses shall wear masks (preferred) or face shields during the entire trial. The only exception will be when the witness is testifying during the trial. It is advised the mask is removed during testimony. The Court may also ask everyone at counsel table to remove masks when introductions are made to the jury.

b. The courtroom has been outfitted with plexiglass, additional podiums to allow counsel to remain at attorney tables during most of the trial and cleaning products to keep all work surfaces clean during trial.

c. The Court will provide all necessary parties with headsets for sidebars. The Court will limit the number of sidebar conferences if possible.

d. The public and media will be able to view the trial from the St. Paul jury assembly room. They will not be allowed inside the courtroom with the attorneys and parties to limit the number of people in the courtroom.

e. Voir dire will be conducted with a limited number of jurors at a time to limit the number of people in the courtroom. Attorneys should be

prepared to take detailed notes on jurors. Once the full panel is selected, the jurors will not be in the courtroom for the striking process.

f. Attorney and witness rooms will be provided to the attorneys before trial to allow for proper social distancing. Some of these spaces may be located on different floors of the courthouse.

g. Jurors will deliberate in a larger space, such as a courtroom or larger conference room. The necessary technology will be made available for jurors to view exhibits. They will not turn over their cell phones during the deliberation process, but they will not be allowed to use them except in emergency situations.

h. All documentary evidence must be converted electronically and displayed from a laptop in the courtroom. Attorneys will place all the admitted evidence onto a thumb drive along with a linked index to each exhibit. A court laptop will be provided to the jurors so they can view all the electronic evidence. There will be a few exceptions where physical evidence is the only option. Physical evidence will need to be covered in a plastic covering and will be handled by only one person wearing disposable gloves. Paper exhibits are strongly discouraged during trial.

i. Counsel shall make sure they are adequately able to communicate with their defendant during trial before trial, during breaks and at the end of the day. Headsets will be provided to Defendant and Counsel to allow for private conversations during the trial day. The U.S. Attorney's Office should work with agents or additional attorneys on the case to find a way to properly communicate during trial and allow for proper social distancing.

j. Counsel shall communicate with witnesses well in advance of trial the new protocol. Counsel will let the Court know if video conference technology is necessary instead of the presence of an in-person witness.

k. The Courtroom Deputy will be sending a supplemental medical questionnaire to counsel before trial. All counsel and parties who will

      attend the trial must complete the questionnaire. Counsel shall return the completed questionnaires to the Court at least one business day before trial begins.

l.     Each day, every trial participant will be verbally screened for COVID-19 symptoms which include a sore throat, cough, fever, muscle aches and shortness of breath. All jurors and in custody defendants will be monitored as well. The Court will self-monitor for symptoms.

m.     Courtesy copies where noted in the trial document are suspended by order of the Chief Judge during the COVID-19 pandemic.

Dated: September 17, 2020                         <u>s/Nancy E. Brasel</u>
                                                                     Nancy E. Brasel
                                                                     United States District Judge